**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 22, 2023
Date Decided: June 22, 2023

John W. Paradee, Esquire
Brian V. DeMott, Esquire
J. Garrett Miller, Esquire
6 South State Street
Dover, DE 19901

Ryan T. Costa, Esquire
State of Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801

Re:     *KDM Development Corp. v. The Consumer Protection Unit of
        the Department of Justice for the State of Delaware*,
        C.A. No. 2023-0438-SG

Dear Counsel:

Petitioner seeks to quash a subpoena under both Rule 45(c)(3) of this Court and 6 *Del. C.* §§ 2514-17.[1] However, the rule and statute referenced contemplate a subpoena authorized by a court, which is not the case here.[2] This Court therefore lacks statutory jurisdiction over the matter. Because Petitioner is free to seek identical relief at law, traditional equitable jurisdiction is also lacking.

Accordingly, the petition is dismissed without prejudice with the understanding that a similar filing will be made in Superior Court.

---

[1] *See* Verified Pet. Seeking to Quash Subpoenas and the Issuance of a Protective Order, Dkt. No. 1.

[2] Per Respondent, the subpoena in question was authorized by the Department of Justice itself pursuant to 29 *Del. C.* §§ 2504(4) and 2508(a). Opp. of the Delaware Department of Justice to Pet. Seeking to Quash Subpoenas and the Issuance of a Protective Order ¶ 6, Dkt. No. 6. Because I find that I am without equitable jurisdiction, I do not reach the merits of the case.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor